OKLAHOMA ELECTRICAL SUPPLY CO. v. OKLAHOMA TAX COMMISSION.

No. 31290. May 25, 1943.

Rehearing Denied June 29, 1943.

*138 P. 2d 838.*

Goode & Goode, of Shawnee, for plaintiff in error.

E. L. Mitchell, W. A. Barnett, A. L. Herr, C. W. King, and W. F. Speakman, all of Oklahoma City, for defendant in error.

WELCH, J. The controlling question here is whether the additional sales tax sought to be levied or assessed against the appellant is covered by the exemption or waiver provided for or authorized by the provisions of chapter 27a, Title 68, S. L. 1941, and the order 'of the Tax Commission made pursuant thereto.

The items sold are referred to as electrical wiring and appliances. Further essential facts are that Harmon-Cowen & Norton, Tankersley Construction Company had a general cost-plus-a-fixed-fee contract to construct the naval air base at Norman, Okla. Appellant, an electrical supply house at Shawnee, had a subcontract with the general contractor to furnish and install the electrical wiring and appliances, and pursuant to that subcontract appellant furnished, sold, and installed said wiring and appliances.

Further facts are that on June 19, 1942, the Tax Commission, acting pursuant to the legislative act above cited, made and entered its order effecting the waiver of the sales tax as applied to materials and services purchased by contractors in carrying out the provisions of the contract above referred to, held by the above-named construction company.

It appears conceded that if the material sales here involved had been made to the general contractors and the materials used and installed by the general contractor, then no tax would be due. It is contended, however, by the Tax Commission that the legislative act above referred to, and the order made pursuant thereto, did not extend any exemption or waiver to subcontractors under the general contract. Appellant contends that the exemption or waiver applies under the facts above stated.

This legislative enactment has not heretofore been presented to this court and no authorities can be cited for its construction except authorities generally dealing with the manner and method of construing legislative acts.

The enactment, with the title thereto, clearly sets out the intention and purpose of the Legislature that an exemption or waiver of the sales tax shall apply as to such property sold or used by contractors for the purpose of carrying out the provisions of such a cost-plus-a-fixed-fee contract as is here involved. The basis for such intent and purpose as applied to construction made in the interest of national defense is of course apparent to all. No question is raised as to the validity of the enactment or any part thereof. We only here consider and determine the question necessary to dispose of the present controversy. It seems the Tax Commission doubted that said act was in any manner applicable to subcontractors. Entertaining such view, the action of the Tax Commission is commendable in withholding the benefits of such act until the matter could be properly determined.

However, we are convinced that in order to give full effect to the purpose and intent of the Legislature, and to the provisions of the act and the order in pursuance thereof, we must conclude that the exemption or waiver is fully applicable here.

It can make no controlling difference that appellant here sold the wiring and appliances as a complete installation instead of selling and delivering the wiring to the general contractor in packing cases.

Insofar as the act is helpful to the general program of construction necessary in national defense, the aid is little, if any, different. If the imposition of the tax in case of package sales to the general contractor would be any hindrance to the defense effort, then the imposition of the tax in such case as this would likewise hinder. The difference, if any, would be in degree only, and then very slight.

While the enactment did not expressly include or mention subcontractors, it did not evidence any intention whatever to exclude subcontractors. It seems the Legislature was concerned chiefly with the use of the materials in carrying out the construction provisions of a cost-plus-a-fixed-fee contract.

We conclude the Tax Commission was in error in assessing and levying the sales tax here involved.

Contention is made that the involved sales tax is incorrect and invalid upon other grounds which we need not consider.

The order of the Tax Commission appealed from is reversed and the cause remanded, with directions to sustain the protest of the appellant.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.